**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STEC IP, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | JURY TRIAL DEMANDED |
| GOOGLE, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff STEC IP, LLC makes the following allegations against Defendant Google, Inc.:

## PARTIES

1.       Plaintiff STEC IP, LLC ("STEC") is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.       On information and belief, Defendant Google, Inc. ("Google") is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.  On information and belief, Google may be served through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.       This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       On information and belief, Google is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to

having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and due to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Google is incorporated in this District, and on information and belief, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,596,784

6.      Plaintiff STEC realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff STEC is the owner by assignment of United States Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources."  The '784 patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2009.  STEC is the owner by assignment from Symantec Corporation of the '784 patent.  A true and correct copy of the '784 patent is included as Exhibit A.

8.      Google makes, uses, sells, and/or offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Google's cloud computing products and/or services provide or support pay-per-use cloud computing.

9.      On information and belief, Google has infringed and continues to infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent.  Such pay-per-use

cloud computing products and/or services include, by way of example and without limitation, use of Google App Engine, which is covered by one or more claims of the '784 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent, Google has injured STEC and is liable to STEC for infringement of the '784 patent pursuant to 35 U.S.C. § 271.

10.     As a result of Google's infringement of the '784 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,065,637**

11.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-10 above, as if fully set forth herein.

12.     Plaintiff STEC is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  STEC is the owner by assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit B.

13.     Google makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Google's cloud computing  products and/or services provide or support use of a visual interface to configure cloud computing resources.

14.     On information and belief, Google has infringed and continues to infringe the

3

'637 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services covered by one or more claims of the '637 patent.  Such cloud computing products and/or services include, by way of example and without limitation, cloud computing products and/or services configurable through Google App Engine, which is covered by one or more claims of the '637 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, Google has injured STEC and is liable to STEC for infringement of the '637 patent pursuant to 35 U.S.C. § 271.

15.     As a result of Google's infringement of the '637 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,032,089**

16.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-15 above, as if fully set forth herein.

17.     Plaintiff STEC is the owner by assignment of United States Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-On-Read Technique."  The '089 patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2006.  STEC is the owner by assignment from Symantec Corporation of the '089 patent.  A true and correct copy of the '089 patent is included as Exhibit C.

18.     Google makes, uses, sells, offers for sale, and/or imports into the United States products and/or services for data synchronization, such as Google Drive.

19.     On information and belief, Google has infringed and continues to infringe the

4

'089 patent by, among other things, making, using, offering for sale, selling and/or importing into the United States products and/or services covered by one or more claims of the '089 patent. Such products and/or services include, by way of example and without limitation, Google Drive, which is covered by one or more claims of the '089 patent, including but not limited to claim 13. By making, using, offering for sale, selling and/or importing into the United States such products and/or services that are made using one or more processes covered by one or more claims of the '089 patent, Google has injured STEC and is liable to STEC for infringement of the '089 patent pursuant to 35 U.S.C. § 271.

20.     As a result of Google's infringement of the '089 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 6,738,799**

21.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-20 above, as if fully set forth herein.

22.     Plaintiff STEC is the owner by assignment of United States Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List." The '799 patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2004. STEC is the owner by assignment from Symantec Corporation of the '799 patent. A true and correct copy of the '799 patent is included as Exhibit D.

23.     Google makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide or support synchronization of files. On information and

belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

24.     On information and belief, Google has infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services into the United States that are covered by one or more claims of the '799 patent.  Such products and/or services include, by way of example and without limitation, Google Drive, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37.  By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more claims of the '799 patent, Google has injured STEC and is liable to STEC for infringement of the '799 patent pursuant to 35 U.S.C. § 271.

25.     As a result of Google's infringement of the '799 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

26.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-25 above, as if fully set forth herein.

27.     Plaintiff STEC is the owner by assignment of United States Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Disruptively Stored Across Network Domain."  The '607 patent was duly and legally issued by the United States Patent and Trademark Office on February 27, 1996.  STEC is the owner by assignment from Symantec Corporation of the '607 patent.  A true and correct copy of

the '607 patent is included as Exhibit E.

28.     Google operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in data centers in the United States.  Google's server farms provide and support cloud computing services, including at least Google Cloud Services. On information and belief, Google makes and/or uses a system for monitoring the health at least some of Google's servers and computers over a network in its data centers.

29.     On information and belief, Google has infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent.  Such systems include, by way of example and without limitation, a system made and/or used by Google to monitor the health of servers and computers running Google Cloud Services, which is covered by one or more claims of the '607 patent, including but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '607 patent, Google has injured STEC and is liable to STEC for infringement of the '607 patent pursuant to 35 U.S.C. § 271.

30.     As a result of Google's infringement of the '607 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

31.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-30 above, as if fully set forth herein.

32.     Plaintiff STEC is the owner by assignment of United States Patent No. 5,825,891

("the '891 patent") titled "Key Management for Network Communication."  The '891 patent was

duly and legally issued by the United States Patent and Trademark Office on October 20, 1998.

STEC is the owner by assignment from Symantec Corporation of the '891 patent.  A true and

correct copy of the '891 patent is included as Exhibit F.

33.     Google makes, uses, sells and/or offers for sale in the United States products

and/or services that provide for or support establishing virtual private network ("VPN") tunnels,

such Chromebook.

34.     On information and belief, Google has infringed and continues to infringe the

'891 patent by, among other things, using methods covered by one or more claims of the '891

patent.  Such methods include, by way of example and without limitation, use of Chromebook,

which is covered by one or more claims of the '891 patent, including but not limited to claim 1.

By using such methods covered by one or more claims of the '891 patent, Google has injured

STEC and is liable to STEC for infringement of the '891 patent pursuant to 35 U.S.C. § 271.

35.     As a result of Google's infringement of the '891 patent, Plaintiff STEC has

suffered monetary damages in an amount adequate to compensate for Google's infringement, but

in no event less than a reasonable royalty for the use made of the invention by Google, together

with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

36.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-35 above, as

if fully set forth herein.

37.     Plaintiff STEC is the owner by assignment of United States Patent No. 6,925,481

("the '481 patent") titled "Technique for Enabling Remote Data Access And Manipulation From

A Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent

and Trademark Office on August 2, 2005  A true and correct copy of the '481 patent is included as Exhibit G.

38.     Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Play.

39.     On information and belief, Google has infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent.  Such products and/or services include, by way of example and without limitation, Google Play, which is covered by one or more claims of the '481 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, Google has injured STEC and is liable to STEC for infringement of the '481 patent pursuant to 35 U.S.C. § 271.

40.     As a result of Google's infringement of the '481 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 7.254,621

41.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-40 above, as if fully set forth herein.

42.     Plaintiff STEC is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '621 patent was duly and legally issued by the United States Patent

and Trademark Office on August 7, 2007  A true and correct copy of the '621 patent is included as Exhibit H.

43.     Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Play.

44.     On information and belief, Google has infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent.  Such products and/or services include, by way of example and without limitation,  Google Play, which is covered by one or more claims of the '621 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, Google has injured STEC and is liable to STEC for infringement of the '621 patent pursuant to 35 U.S.C. § 271.

45.     As a result of Google's infringement of the '621 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

46.     Plaintiff STEC realleges and incorporates by reference paragraphs 1-45 above, as if fully set forth herein.

47.     Plaintiff STEC is the owner by assignment of United States Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments."

The '908 patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2005  A true and correct copy of the '908 patent is included as Exhibit I.

48.     Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Drive.

49.     On information and belief, Google has infringed and continues to infringe the '908 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '908 patent.  Such products and/or services include, by way of example and without limitation, Google Drive, the use of which is covered by one or more claims of the '908 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '908 patent, Google has injured STEC and is liable to STEC for infringement of the '908 patent pursuant to 35 U.S.C. § 271.

50.     As a result of Google's infringement of the '908 patent, Plaintiff STEC has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEC respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '784 patent, the '637 patent, the '089 patent, the '799 patent, the '607 patent, the '891 patent, the '481 patent, the '621 patent and the '908 patent;

2.     A judgment and order requiring Google to pay Plaintiff its damages, costs,

expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for

Google's infringement of the '784 patent, the '637 patent, the '089 patent, the '799 patent, the

'607 patent, the '891 patent, the '481 patent, the '621 patent and the '908 patent; and

3.      Any and all other relief as the Court may deem appropriate and just under the

circumstances.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Date:  May 22, 2012                              BAYARD, P.A.

                                                  /s/ Stephen B. Brauerman
                                                 Richard D. Kirk (rk0922)
                                                 Stephen B. Brauerman (sb4952)
                                                 Vanessa R. Tiradentes (vt5398)
                                                 222 Delaware Avenue, Suite 900
                                                 P.O. Box 25130
                                                 Wilmington, DE 19899
                                                 (302) 655-5000
                                                 rkirk@bayardlaw.com
                                                 sbrauerman@bayardlaw.com
                                                 vtiradentes@bayardlaw.com

OF COUNSEL:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com

*Attorneys for Plaintiff STEC IP, LLC*