IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, | ) |
|           Plaintiff, | ) |
|     v. | ) C.A. No. 12-639 (LPS) |
| GOOGLE INC., | ) |
|           Defendant. | ) |

**GOOGLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S CLAIMS OF WILLFUL AND INDUCED INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Michael A. Berta
ARNOLD & PORTER LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111-4024
(415) 471-3100

October 18, 2012

# TABLE OF CONTENTS

|      |                |Page|
|------|----------------|---:|
| I.   | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II.  | SUMMARY OF ARGUMENT | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV.  | ARGUMENT | 4 |
|      | A. Legal Standard | 4 |
|      | B. This Court Should Dismiss Clouding's Claims of Willful Infringement | 5 |
|      | C. This Court Should Dismiss Clouding's Claims for Induced Infringement | 6 |
| V.   | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**CASES**          **PAGE**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................. 4, 8

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007) ........................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 4

*Curay-Cramer v. Ursuline Acad. Of Wilmington Del., Inc.*,
  450 F.3d 130, 133 (3d Cir. 2006) ................................................................................ 4

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................... 1

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S.Ct. 2060 (2011) .............................................................................................. 1, 6

*In re Bill of Lading Transmission*,
  681 F.3d 1323 (Fed. Cir 2012) ................................................................................ 7, 8

*In re Seagate Tech. LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ........................................................................... 1, 5, 6

*Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*,
  LLC C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) .................... 7

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
  113 F.3d 405 (3d Cir. 1997) ........................................................................................ 4

*Softview LLC v. Apple Inc.*,
  C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ..................... 4, 5, 6

*Webmap Techs., LLC v. Google, Inc.*,
  No. 2:09-CV-343-DFD-CE, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) ............. 5

*Wilkerson v. New Media Technology Charter School Inc.*,
  522 F.3d 315 (3d Cir. 2008) ........................................................................................ 4

**RULES AND STATUTES**

35 U.S.C. § 271(b) ............................................................................................................ 3, 6, 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2, 4, 8

## I. NATURE AND STAGE OF THE PROCEEDINGS

On May 22, 2012, Plaintiff Clouding IP, LLC (then known as STEC IP, LLC) ("Clouding") filed a complaint for patent infringement against Google Inc. ("Google") (D.I. 1) alleging infringement of nine patents. Google answered on July 30, 2012 (D.I. 9). Clouding filed its First Amended Complaint on August 20, 2012 (D.I. 11), adding claims of willful infringement and inducement of infringement for certain of the nine patents originally at issue. Google now moves pursuant to Rule 12(b)(6) to dismiss the allegations of willfulness and indirect infringement contained in Clouding's First Amended Complaint, consistent with this Court's precedent.

## II. SUMMARY OF ARGUMENT

1. Clouding alleged willful infringement and induced infringement against Google for the first time in its First Amended Complaint for various of the nine patents originally at issue in this matter (*See* D.I. 11 ¶¶ 11, 12, 13, 20, 21, 22, 29, 30, 31, 38, 39, 40, 47, 54, 55, 56, 63, 64, 65, 72, and 79).

2. Willful infringement requires clear and convincing proof that a defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," which requires that a defendant have pre-suit knowledge of the patents-in-suit. *See In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

3. Induced infringement also requires knowledge of the patents-in-suit (or willful blindness) (*see Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)), and also requires a further showing that the alleged inducing party specifically intended for a third party to infringe the patents-in-suit. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (Inducement requires that the alleged infringer "knowingly induced

1

infringement and possessed specific intent to encourage another's infringement.'" (citations and quotations omitted)).

4.  Because Clouding has failed to allege facts sufficient to show that Google was aware of the patents-in-suit (or willfully blind to them) before Clouding filed its original Complaint in this action (*See* D.I. 1), this court should dismiss Clouding's allegations of willful infringement and induced infringement under Rule 12(b)(6).

## III. STATEMENT OF FACTS

In its May 22, 2012 original Complaint, Clouding asserted U.S. Patent Nos. 7,596,784 ("the '784 patent"), 7,065,637 ("the '637 patent"), 7,032,089 ("the '089 patent"), 6,738,799 ("the '799 patent"), 5,495,607 ("the '607 patent"), 5,825,891 ("the '891 patent"), 6,925,481 ("the '481 patent"), 7,254,621 ("the '621 patent"), and 6,963,908 ("the '908 patent") against Google. (D.I. 1). Clouding's original complaint alleged direct infringement of each asserted patent. *Id.*

On August 20, 2012, Clouding filed its First Amended Complaint. (D.I. 11). Clouding's First Amended complaint added allegations of willful infringement for each of the patents at issue in the first complaint – the '784, '637, '089, '799, '607, '891, '481, '621, and '908 patents. *Id.* Clouding's First Amended Complaint also added allegations of indirect infringement of the '784, '637, '089, '799, '891, and '481 patents. *Id.* Further, Clouding added allegations regarding two new patents – alleging direct infringement of U.S. Patent Nos. 6,631,449 and 6,918,014. *Id.*

Clouding's First Amended Complaint asserts that Google had actual knowledge of the '784, '637, '089, '799, '607, '891, '481, '621, and '908 patents by stating:

2

> Google has had actual knowledge of the ['784, '637, '089, '799, '607, '891, '481, '621, and '908 patents] since at least the filing of the original complaint in this action.

*See* D.I. 11 at ¶¶ 10, 19, 28, 37, 46, 53, 62, 71, 78. This allegation corresponds with a similar statement made in each allegation of willfulness – that Google has had knowledge of the '784, '637, '089, '799, '607, '891, '481, '621, and '908 patents "[s]ince at least the filing of the original complaint[.]" *See* D.I. 11 at ¶¶ 13, 22, 31, 40, 47, 56, 65, 72, and 79. There are no further allegations of Google's knowledge of the patents-in-suit.

In the First Amended Complaint, Clouding also added the following allegations regarding Google's asserted pre-suit and post-suit inducement of others to infringe the '784, '637, '089, '799, '891, and '481 patents:

> On information and belief, Google has and continues to indirectly infringe one or more claims of the ['784, '637, '089, '799, '891, and '481 patents] by inducing others (e.g. its customers) to infringe in violation of 35 U.S.C. § 271(b).

*See* D.I. 11 at ¶¶ 11, 20, 29, 38, 54, 63. Clouding further alleges:

> On information and belief, Google has induced others and continues to induce others, including but limited to Google's customers, to infringe the ['784, '637, '089, '799, '891, and '481 patents] in violation of 35 U.S.C. §271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services that when used as intended infringe the ['784, '637, '089, '799, '891, and '481 patents.]

*See* D.I. 11 at ¶¶ 12, 21, 30, 39, 55, 64. This is the sum total of the allegations regarding inducement.

3

## IV. ARGUMENT

### A. Legal Standard

A dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted when a complaint fails to state a claim upon which relief can be granted. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in the complaint. *See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). However, a court is not required "to accept as true unsupported conclusions and unwarranted inferences." *Id. See also Curay-Cramer v. Ursuline Acad. Of Wilmington Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006) (explaining that courts considering a motion to dismiss "need not credit the non-movant's conclusions of law or unreasonable factual inferences."); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (noting that courts are not required to accept "a legal conclusion couched as a factual allegation." (quotation and citation omitted)). In all, to survive a motion to dismiss, the non-movant's factual allegations cannot be "supported by mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Indeed, factual allegation must raise a claim above the speculative level, making it "plausible on its face." *Twombly*, 550 U.S. at 555, 570. As this court has observed, a complaint must "state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element of a plaintiff's claim." *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *2 (D. Del. July 26, 2012) (quoting *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted)).

### B. This Court Should Dismiss Clouding's Claims of Willful Infringement

Clouding's allegations of willful infringement should be dismissed. As held by the Federal Circuit and this court, willful infringement requires that the accused infringer knew of the asserted patents prior to receiving the complaint for infringement. *See Seagate*, 497 F.3d at 1371, 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *8 ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate."); *see, e.g., Webmap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343-DFD-CE, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010) (dismissing allegations of willful infringement based only on post-filing conduct).

Clouding's First Amended Complaint cannot plausibly be read to allege that Google had knowledge of the '784, '637, '089, '799, '607, '891, '481, '621, and '908 patents before Clouding filed its original Complaint. Clouding alleges only that Google had actual knowledge "since at least the filing of the original complaint in this action," (D.I. 11 at ¶¶ 10, 19, 28, 37, 46, 53, 62, 71, 78). This is insufficient to plausibly allege that Google had knowledge of the asserted patents prior to Clouding's original complaint. *See, e.g., Softview*, 2012 WL 3061027, at *5, *8 (dismissing willful infringement claim that did not plausibly allege pre-suit knowledge of the asserted patent).

A dismissal is in accord with this Court's prior holding in *Softview*. In *Softview*, this court dismissed Softview's willfulness allegation against Kyocera even though Softview had alleged that Kyocera supposedly would have had pre-suit knowledge of the asserted patent from media publicity surrounding the initial lawsuit filed against other parties. *Id.* at *6. Here, in contrast, Clouding has failed to allege any basis to infer that Google had any pre-suit knowledge

of the patents-in-suit; Clouding's sole allegation is that Google has known of the patents in suit "since at least the filing of the original complaint in this action," (D.I. 11 at ¶¶ 10, 19, 28, 37, 46, 53, 62, 71, 78). Because Clouding's willfulness allegations fall short of the insufficient allegations leveled in *Softview*, the willfulness allegations here should be dismissed as they were in *Softview*.

To the extent Clouding bases its willfulness allegations solely on post-litigation conduct, those allegations should be dismissed as legally insufficient. As explained by the Federal Circuit in *Seagate*, "when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy . . . . **A patentee who does not attempt to stop an accused infringer's activities in this manner . . . should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.**" *Seagate*, 497 F.3d at 1374 (emphasis added, citations omitted). Clouding has made no such motion here.

C. **This Court Should Dismiss Clouding's Claims for Induced Infringement**

Clouding's allegations of induced infringement under 35 U.S.C. § 271(b) should also be dismissed. As with willfulness, there is a specific knowledge requirement to find a party liable for induced infringement: that the accused party have knowledge of or be willfully blind to the asserted patents. *See* 35 U.S.C. § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 2070-71 (holding that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement," which includes "knowledge of the existence of the patent that is infringed" or "active efforts by an inducer to avoid [knowledge of the existence of the patent]" – *i.e.,* willful blindness).

To the extent Clouding is alleging pre-suit inducement, those allegations should also be dismissed.[1] As discussed above, Clouding has failed to plausibly allege that Google had knowledge of the '784, '637, '089, '799, '891, and '481 patents before Clouding's original Complaint. Further, Clouding's First Amended Complaint does not allege that Google acted with willful blindness towards the '784, '637, '089, '799, '891, and '481 patents. Instead, Clouding merely recites the elements required to prove indirect infringement, *see* D.I. 11 at ¶¶ 12, 21, 30, 39, 55, 64, which this court has recognized as being insufficient to survive a motion to dismiss. *See Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*, LLC C.A. No. 10-666-SLR, 2011 WL 941197, at *3, *8 (D. Del. Mar. 16, 2011) (holding that a recitation of the elements of indirect infringement is insufficient to infer knowledge of the patents in suit). Accordingly, there are no plausible allegations to support Clouding's claims of pre-suit inducement with respect to the '784, '637, '089, '799, '891, and '481 patents.

Further, Clouding's allegations of induced infringement should be dismissed generally. To survive a motion to dismiss, Clouding's First Amended Complaint must contain facts plausibly showing that Google specifically intended its customers to infringe the '784, '637, '089, '799, '891, and '481 patents – Clouding's First Amended Complaint does not do that. *See In re Bill of Lading Transmission*, 681 F.3d 1323 at 1339 (Fed. Cir. 2012) (explaining that, to survive a motion to dismiss, an amended complaint must contain facts plausibly showing that an accused infringer specifically intended their customer to infringe the patents-in-suit and knew that the customer's acts constituted infringement). Instead, Clouding recites the boilerplate language of the elements of inducement:

---

[1] It is unclear whether Clouding is alleging pre-suit inducement. While Google moves to dismiss any allegations of pre-suit inducement; if Clouding stipulates that it will not seek damages for pre-suit inducement, Google's motion on this point will be moot.

> On information and belief, Google has induced others and continues to induce others, including but limited to Google's customers, to infringe the ['784, '637, '089, '799, '891, and '481 patents] in violation of 35 U.S.C. §271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information for belief, by making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services that when used as intended infringe the ['784, '637, '089, '799, '891, and '481 patents.]

*See* D.I. 11 at ¶¶ 12, 21, 30, 39, 55, 64. Clouding's factual support for inducement falls squarely into the universe of "conclusory statements" and "naked assertions" that Rule 12(b)(6) is meant to eliminate. *See Iqbal*, 129 S. Ct. at 1950. Indeed, Clouding's allegations do not lead to any expectation that discovery will support any evidence that Google specifically intended for its customers to infringe the patents-in-suit and knew that the customer's acts constituted infringement. *See In re Bill of Lading Transmission*, 681 F.3d at 1339. Accordingly, Clouding's allegations of induced infringement should be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its motion to dismiss Clouding's claims against Google for willful infringement and induced infringement, as set forth in paragraphs 12, 13, 21, 22, 30, 31, 39, 40, 47, 55, 56, 64, 65, 72, and 79 of Clouding's First Amended Complaint and Prayer for Relief.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Michael A. Berta<br>ARNOLD & PORTER LLP<br>Three Embarcadero Center<br>7th Floor<br>San Francisco, CA 94111-4024<br>(415) 471-3100<br><br>October 18, 2012 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Jack B. Blumenfeld<br>_____<br>Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 18, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Mark C. Nelson, Esquire<br>Steven M. Geiszler, Esquire<br>C. Michael Moore, Esquire<br>Mark J. Ziegelbein, Esquire<br>SNR DENTON<br>2000 McKinney Avenue, Suite 1900<br>Dallas, TX  75201-1858 | *VIA ELECTRONIC MAIL* |
| Mark L. Hogge, Esquire<br>Shailendra K. Maheshwari, Esquire<br>SNR DENTON US LLP<br>1301 K Street NW<br>Suite 600 – East Tower<br>Washington, DC  2005-3364 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)