IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-639-LPS |
| GOOGLE INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Google Inc.'s ("Google") motion to dismiss Plaintiff Clouding IP, LLC's ("Clouding") claims of induced infringement and willful infringement. (D.I. 14) The Court has addressed substantially the same issues in connection with motions to dismiss in three related cases filed by Clouding. (*See* Civ. No. 12-641 D.I. 56; Civ. No. 12-642 D.I. 77; Civ. No. 12-675 D.I. 61) For the reasons set forth in the Court's Memorandum Order issued in those related cases, as well as the reasons set forth below, the Court will grant in part and deny in part Google's motion.

1. Clouding filed this patent infringement action on May 22, 2012, asserting infringement of nine U.S. patents ("the asserted patents"). (D.I. 1) On August 20, 2012, Clouding filed a First Amended Complaint ("FAC"), adding claims of induced and willful infringement. (*See* D.I. 11) Google moved to dismiss the FAC on October 18, 2012. (D.I. 14)

2. Google contends that Clouding's inducement claims should be dismissed because they: (1) do not allege Google had knowledge of the asserted patents prior to Clouding filing its Complaint; and (2) fail to plead that Google had the specific intent to induce infringement. (*See* D.I. 15) As to knowledge, the Court observes that Clouding's inducement claim is limited to

post-filing conduct; therefore, the allegation that Google obtained knowledge from the filing of the Complaint is sufficient to state a claim for inducement. *See, e.g., Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (finding that complaint provided sufficient notice of indirect infringement claim limited to post-filing conduct). Clouding's First Amended Complaint, however, does not contain sufficient facts to support an inference that Google specifically intended or encouraged others to directly infringe. As a result, Clouding's induced infringement claims against Google will be dismissed.

3. Turning to Clouding's willful infringement claims, Google moves to dismiss because: (1) Clouding has failed to allege pre-filing knowledge of the asserted patents; and (2) Clouding has not sought a preliminary injunction for any post-filing conduct. (*See* D.I. 15 at 5-6)

4. The Court concludes that, for purposes of pleading willful infringement, there appears to be little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superceded original complaint formally alleging infringement. Because a pre-suit letter provides sufficient basis for pleading knowledge in the context of a willful infringement claim, under the circumstances presented here the original complaint is likewise sufficient. *See, e.g., Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, 2012 WL 3069390 (D. Del. July 27, 2012) (finding notice letter sufficient to satisfy knowledge requirement for pleading willful infringement).

5. In response to Google's second argument, Clouding observes that the Supreme Court's holding in *eBay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), generally precludes non-practicing entities from obtaining a preliminary injunction. As a non-practicing entity, Clouding contends that it should not be punished for refraining from filing a motion that would not have

been warranted by existing law. (D.I. 17 at 2) (citing Fed. R. Civ. P. 11) The Court agrees. Additionally, Clouding's willful infringement claims are not "based *solely* on the infringer's post-filing conduct," as they are based, at least in part, on conduct predating the operative FAC. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1373 (emphasis added). For these reasons, the Court will deny Google's motion to dismiss Clouding's willful infringement claims.

6. The Court will permit Clouding to file another amended complaint with respect to the dismissed induced infringement claims. Amendment should be allowed "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the discretion of the Court to grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, IT IS HEREBY ORDERED that Google's Motion to Dismiss (D.I. 14) is DENIED with respect to willful infringement and GRANTED with respect to indirect infringement. Clouding is granted leave to amend its complaint. Any amended complaint must be filed within twenty-one days of the date of this Order. Failure to file an amended complaint within this time frame will result in dismissal of the induced infringement claims with prejudice.

September 16, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE