# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,

      Plaintiff,

      v.

GOOGLE, INC.,

      Defendant.

C.A. No. 12-639-LPS

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC makes the following allegations against Defendant Google, Inc.:

## PARTIES

1.      Plaintiff Clouding IP, LLC ("Clouding") is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.      Defendant Google, Inc. ("Google") is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Google is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and due to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Google is incorporated in this District, and on information and belief, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,596,784**

6.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff Clouding is the owner by assignment of United States Patent No. 7,596,784 ("the '784 patent") titled "Method System and Apparatus for Providing Pay-Per-Use Distributed Computing Resources." The '784 patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2009. Clouding is the owner by assignment from Symantec Corporation of the '784 patent. A true and correct copy of the '784 patent is included as Exhibit A.

8.      Google makes, uses, sells, and/or offers for sale in the United States products and/or services for cloud computing. On information and belief, at least some of Google's cloud computing products and/or services provide or support pay-per-use cloud computing.

2

9.      On information and belief, Google has directly infringed and continues to infringe the '784 patent by, among other things, making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent.  Such pay-per-use cloud computing products and/or services include, by way of example and without limitation, use of Google App Engine, which is covered by one or more claims of the '784 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling pay-per-use cloud computing products and/or services patented under the '784 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '784 patent pursuant to 35 U.S.C. § 271(a).

10.      Google has had actual knowledge of the '784 patent since at least the filing of the original complaint in this action.

11.      On information and belief, Google has and continues to indirectly infringe one or more claims of the '784 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

12.      On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '784 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '784 patent.  Such products and/or services include, by way of example and without limitation, Google's App. Engine, Big Query, and Compute Engine, the use of which is covered by one or more claims of the '784 patent, including but not limited to

3

claim 1.  Google's customers and end-users who use such products and/or services directly infringe the claims of the '784 patent.  Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '784 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '784 patent. Despite Google's actual knowledge of the '784 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '784 patent.

13.     In particular, Google's customers' and end-users' use of Google's cloud computing products and services is facilitated by the use of pay-per-use systems and methods patented under the '784 patent.  Thus, Google's customers and end-users are billed or charged on a pay-per-use basis when using such cloud computing products and services.

14.     On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '784 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '784 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '784 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

4

Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '784 patent.

15.     On information and belief, even though Google has been aware of the '784 patent and that its customers and end-users infringe the '784 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '784 patent, nor has Google informed its customers or end-users how to avoid infringing the '784 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '784 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '784 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '784 patent in response to Clouding's requests for production of documents and things.

16.     As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '784 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing

notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '784 patent.

17.     Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '784 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '784 patent and that the '784 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '784 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '784 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '784 patent in disregard of Clouding's rights.

18.     As a result of Google's infringement of the '784 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,065,637

19.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-18 above, as if fully set forth herein.

20.     Plaintiff Clouding is the owner by assignment of United States Patent

No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing

Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the

United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by

assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637

patent is included as Exhibit B.

21.     Google makes, uses, sells, and offers for sale in the United States products and/or

services for cloud computing.  On information and belief, at least some of Google's cloud

computing products and/or services provide or support use of a visual interface to configure

cloud computing resources.

22.     On information and belief, Google has directly infringed and continues to infringe

the '637 patent by, among other things, making, using, offering for sale, and/or selling cloud

computing products and/or services covered by one or more claims of the '637 patent.  Such

cloud computing products and/or services include, by way of example and without limitation,

cloud computing products and/or services configurable through Google App Engine, which is

covered by one or more claims of the '637 patent, including but not limited to claim 1.  By

making, using, offering for sale, and/or selling such products and services covered by one or

more claims of the '637 patent, Google has injured Clouding and is liable to Clouding for direct

infringement of the '637 patent pursuant to 35 U.S.C. § 271(a).

23.     Google has had actual knowledge of the '637 patent since at least the filing of the

original complaint in this action.

24.     On information and belief, Google has and continues to indirectly infringe one or

more claims of the '637 patent by inducing others (e.g., its customers and end-users) to directly

infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

25.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '637 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '637 patent.  Such products and/or services include, by way of example and without limitation, cloud computing products and/or services configurable through Google App Engine, the use of which is covered by one or more claims of the '637 patent, including but not limited to claim 1.  Google's customers and end-users who use such products and/or services directly infringe the claims of the '637 patent.  Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '637 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '637 patent. Despite Google's actual knowledge of the '637 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '637 patent.

26.     In particular, Google's customers' and end-users' use of Google's cloud computing products support use of a visual interface to configure cloud computing resources. Thus, Google's customers and end-users use a visual interface to cloud computing products and services.

27.     On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '637 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '637 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '637 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '637 patent.

28.     On information and belief, even though Google has been aware of the '637 patent and that its customers and end-users infringe the '637 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '637 patent, nor has Google informed its customers or end-users how to avoid infringing the '637 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '637 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct

or indirect infringement of the '637 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '637 patent in response to Clouding's requests for production of documents and things.

29.     As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '637 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '637 patent.

30.     Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '637 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '637 patent and that the '637 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '637 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services

patented under the '637 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '637 patent in disregard of Clouding's rights.

31.     As a result of Google's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,032,089

32.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-31 above, as if fully set forth herein.

33.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-On-Read Technique."  The '089 patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '089 patent.  A true and correct copy of the '089 patent is included as Exhibit C.

34.     Google makes, uses, sells, offers for sale, and/or imports into the United States products and/or services for data synchronization, such as Google Drive.

35.     On information and belief, Google has directly infringed and continues to infringe the '089 patent by, among other things, making, using, offering for sale, selling and/or importing into the United States products and/or services covered by one or more claims of the '089 patent. Such products and/or services include, by way of example and without limitation, Google Drive, which is covered by one or more claims of the '089 patent, including but not limited to claim 1. By making, using, offering for sale, selling and/or importing into the United States such products

and/or services that are made using one or more processes covered by one or more claims of the '089 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '089 patent pursuant to 35 U.S.C. § 271(a).

36.     Google has had actual knowledge of the '089 patent since at least the filing of the original complaint in this action.

37.     On information and belief, Google has and continues to indirectly infringe one or more claims of the '089 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

38.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '089 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '089 patent.  Such products and/or services include, by way of example and without limitation, Google Drive, the use of which is covered by one or more claims of the '089 patent, including but not limited to claim 13.  Google's customers who use such products and/or services directly infringe the claims of the '089 patent.  Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '089 patent and has known that the use of such products and/or services by its customers constituted direct infringement of the '089 patent.  Despite Google's actual knowledge of the '089 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to

12

directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '089 patent.

39.     In particular, Google's customers' and end-users' use of Google's cloud computing products and services are facilitated by the use of products and/or services for data synchronization and methods patented under the '089 patent.

40.     On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '089 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '089 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '089 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '089 patent.

41.     On information and belief, even though Google has been aware of the '089 patent and that its customers and end-users infringe the '089 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '089 patent, nor has Google informed its customers or end-users how to avoid infringing the '089 patent.  To date, Google has not

identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '089 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '089 patent. To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '089 patent in response to Clouding's requests for production of documents and things.

42. As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '089 patent. In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '089 patent.

43. Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '089 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute,

infringement of the '089 patent and that the '089 patent is valid.  Despite Google's knowledge of

that risk, on information and belief, Google has not made any changes to the relevant operation

of its products and/or services and has not provided its users and/or customers with instructions

on how to avoid infringement the '089 patent.  Instead, Google has continued to, and still is

continuing to, among other things, make, use, offer for sale, and/or sell products and/or services

patented under the '089 patent.  As such, Google willfully, wantonly and deliberately infringed

and is infringing the '089 patent in disregard of Clouding's rights.

44.     As a result of Google's infringement of the '089 patent, Plaintiff Clouding has

suffered monetary damages in an amount adequate to compensate for Google's infringement, but

in no event less than a reasonable royalty for the use made of the invention by Google, together

with interest and costs as fixed by the Court

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,738,799

45.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-44 above,

as if fully set forth herein.

46.     Plaintiff Clouding is the owner by assignment of United States Patent

No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and

Updating Using a Signature List."  The '799 patent was duly and legally issued by the United

States Patent and Trademark Office on May 18, 2004.  Clouding is the owner by assignment

from Symantec Corporation of the '799 patent.  A true and correct copy of the '799 patent is

included as Exhibit D.

47.     Google makes, uses, sells, offers for sale, and/or imports into the United States

products and/or services that provide or support synchronization of files.  On information and

15

belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

48.     On information and belief, Google has directly infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services into the United States that are covered by one or more claims of the '799 patent.  Such products and/or services include, by way of example and without limitation, Google Drive, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37.  By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more claims of the '799 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '799 patent pursuant to 35 U.S.C. § 271(a).

49.     Google has had actual knowledge of the '799 patent since at least the filing of the original complaint in this action.

50.     On information and belief, Google has and continues to indirectly infringe one or more claims of the '799 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

51.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '799 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '799 patent.  Such products and/or services include, by way of

16

example and without limitation, Google Drive, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 42. Google's customers who use such products and/or services directly infringe the claims of the '799 patent. Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '799 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '799 patent. Despite Google's actual knowledge of the '799 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '799 patent.

52.    In particular, Google's customers' and end-users' use of Google's cloud computing products and services is facilitated by support for synchronization of files. and methods patented under the '799 patent.

53.    On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '799 patent when used as intended by Google's customers and end-users. Google further sells (or licenses the use of) such products and services to customers and end-users. Google's customers and end-users use such products and services (including, e.g., Google's software and hardware). Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '799 patent (e.g., through technical documentation, manuals, instructions, and technical support). Google further instructs its customers and end-users to infringe the '799 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '799 patent.

54.     On information and belief, even though Google has been aware of the '799 patent and that its customers and end-users infringe the '799 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '799 patent, nor has Google informed its customers or end-users how to avoid infringing the '799 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '799 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '799 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '799 patent in response to Clouding's requests for production of documents and things.

55.     As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '799 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing

notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '799 patent.

56.    Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '799 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '799 patent and that the '799 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '799 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '799 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '799 patent in disregard of Clouding's rights.

57.    As a result of Google's infringement of the '799 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

58.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-57 above, as if fully set forth herein.

59.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Disruptively Stored Across Network Domain."  The '607 patent was duly and legally issued by the United States Patent and Trademark Office on February 27, 1996. Clouding is the owner by assignment from Symantec Corporation of the '607 patent.  A true and correct copy of the '607 patent is included as Exhibit E.

60.     Google operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in data centers in the United States.  Google's server farms provide and support cloud computing services, including at least Google Cloud Services. On information and belief, Google makes and/or uses a system for monitoring the health at least some of Google's servers and computers over a network in its data centers.

61.     On information and belief, Google has directly infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent. Such systems include, by way of example and without limitation, a system made and/or used by Google to monitor the health of servers and computers running Google Cloud Services, which is covered by one or more claims of the '607 patent, including but not limited to claim 9.  By making, using, offering for sale, and/or selling such systems, and products and/or services related thereto, covered by one or more claims of the '607 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '607 patent pursuant to 35 U.S.C. § 271(a).

20

62.     Google has had actual knowledge of the '607 patent since at least the filing of the original complaint in this action.

63.     Google's actions of, *inter alia*, making and using a system to monitor the health of servers and computers covered by one or more claims of the '607 patent constitute an objectively high likelihood of infringement of the '607 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '607 patent and that the '607 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services to avoid infringement the '607 patent.  Instead, Google has continued to, and still is continuing to, among other things, make and use such a system covered by one or more claims of the '607 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '607 patent in disregard of Clouding's rights.

64.     As a result of Google's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT VI**
**INFRINGEMENT OF U.S. PATENT NO. 5,825,891**

65.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-64 above, as if fully set forth herein.

66.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication."  The

'891 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998.  Clouding is the owner by assignment from Symantec Corporation of the '891 patent.  A true and correct copy of the '891 patent is included as Exhibit F.

67.     Google makes, uses, sells and/or offers for sale in the United States products and/or services that provide for or support establishing virtual private network ("VPN") tunnels, such as Chromebook.

68.     On information and belief, Google has directly infringed and continues to infringe the '891 patent by, among other things, using methods covered by one or more claims of the '891 patent.  Such methods include, by way of example and without limitation, use of Chromebook, which is covered by one or more claims of the '891 patent, including but not limited to claim 1.  By using such methods covered by one or more claims of the '891 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '891 patent pursuant to 35 U.S.C. § 271(a).

69.     Google has had actual knowledge of the '891 patent since at least the filing of the original complaint in this action.

70.     On information and belief, Google has and continues to indirectly infringe one or more claims of the '891 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

71.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '891 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and

belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '891 patent.  Such products and/or services include, by way of example and without limitation, Google's Chromebook and Chrome OS which is covered by one or more claims of the '891 patent, including but not limited to claim 1.  Google's customers and end-users who use such products and/or services directly infringe the claims of the '891 patent. Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '891 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '891 patent. Despite Google's actual knowledge of the '891 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '891 patent.

72.     In particular, Google's customers' and end-users' use of products and/or services that provide for or support establishing virtual private network ("VPN") tunnels, such as Chromebook. infringe methods patented under the '891 patent.

73.     On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '891 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '891 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its

customers and end-users to infringe the '891 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '891 patent.

74.     On information and belief, even though Google has been aware of the '891 patent and that its customers and end-users infringe the '891 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '891 patent, nor has Google informed its customers or end-users how to avoid infringing the '891 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '891 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '891 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '891 patent in response to Clouding's requests for production of documents and things.

75.     As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the

claims of the '891 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '891 patent.

76.     Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '891 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '891 patent and that the '891 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '891 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '891 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '891 patent in disregard of Clouding's rights.

77.     As a result of Google's infringement of the '891 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

78.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-77 above, as if fully set forth herein.

79.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005.  A true and correct copy of the '481 patent is included as Exhibit G.

80.     Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Play.

81.     On information and belief, Google has directly infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent.  Such products and/or services include, by way of example and without limitation, Google Play, which is covered by one or more claims of the '481 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '481 patent pursuant to 35 U.S.C. § 271(a).

82.     Google has had actual knowledge of the '481 patent since at least the filing of the original complaint in this action.

83.     On information and belief, Google has and continues to indirectly infringe one or more claims of the '481 patent by inducing others (e.g., its customers and end-users) to directly

infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

84.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '481 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '481 patent.  Such products and/or services include, by way of example and without limitation, Google Docs, Google Drive, Google Maps, Google Plus, and YouTube, the use of which is covered by one or more claims of the '481 patent, including but not limited to claim 1.  Google's customers and end-users who use such products and/or services directly infringe the claims of the '481 patent.  Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '481 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '481 patent. Despite Google's actual knowledge of the '481 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '481 patent.

85.     In particular, Google's customers' and end-users' use of Google's cloud computing products and services is facilitated by products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Play.  The use of such methods is patented under the '481 patent.

86.     On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '481 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '481 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '481 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts. Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '481 patent.

87.     On information and belief, even though Google has been aware of the '481 patent and that its customers and end-users infringe the '481 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '481 patent, nor has Google informed its customers or end-users how to avoid infringing the '481 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '481 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct

or indirect infringement of the '481 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '481 patent in response to Clouding's requests for production of documents and things.

88.      As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '481 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '481 patent.

89.      Google's actions of, inter alia, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '481 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '481 patent and that the '481 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '481 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services

patented under the '481 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '481 patent in disregard of Clouding's rights.

90.     As a result of Google's infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 7,254,621**

91.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-90 above, as if fully set forth herein.

92.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access And Manipulation From A Pervasive Device."  The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007.  A true and correct copy of the '621 patent is included as Exhibit H.

93.     Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Play.

94.     On information and belief, Google has directly infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent.  Such products and/or services include, by way of example and without limitation,  Google Play, which is covered by one or more claims of the '621 patent, including but not limited to claim 2.  By making, using, offering for sale, and/or selling such products and/or services covered by one or

30

more claims of the '621 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '621 patent pursuant to 35 U.S.C. § 271(a).

95.     Google has had actual knowledge of the '621 patent since at least the filing of the original complaint in this action.

96.     On information and belief, Google has and continues to indirectly infringe one or more claims of the '621 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

97.     On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '621 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '621 patent. Such products and/or services include, by way of example and without limitation, Google Docs, Google Drive, Google Maps, Google Plus, and YouTube, including but not limited to claim 2. Google's customers and end-users who use such products and/or services directly infringe the claims of the '621 patent. Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '621 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '621 patent. Despite Google's actual knowledge of the '621 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-

users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '621 patent.

98.    In particular, Google's customers' and end-users' use of Google's cloud computing products and services is facilitated by the computing products and services that provide or support remote data access by a mobile device, such as Google Play.  The use of such methods is patented under the '621 patent.

99.    On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '621 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '621 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '621 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.  Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '621 patent.

100.    On information and belief, even though Google has been aware of the '621 patent and that its customers and end-users infringe the '621 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '621 patent, nor has Google informed

its customers or end-users how to avoid infringing the '621 patent.  To date, Google has not

identified, in response to Clouding's interrogatories, a single action that it has taken to avoid

infringement (e.g., by designing around or notifying its customers or end-users how to avoid

infringement) by itself or its customers or end-users since it became aware of the '621 patent.

On information and belief, Google itself is unaware of any legal or factual basis that its actions

solely, or in combination with the actions of its customers and end-users, do not constitute direct

or indirect infringement of the '621 patent.  To date, Google has not produced any opinion of

counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the

validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement

or potential infringement of any claim of the '621 patent in response to Clouding's requests for

production of documents and things.

101.    As such, on information and belief, despite the information Google gleaned from

the original complaint in this action, Google continues to specifically intend for and encourage

its customers and end-users to use its products and/or services in a manner that infringe the

claims of the '621 patent.  In addition, since at least the filing of the original complaint in this

action, Google has deliberately avoided taking any actions (e.g., designing around, or providing

notice to its customers) to avoid confirming that its actions continue to specifically encourage its

customers and end-users to use its products and/or service in a manner that infringe the claims of

the '621 patent.

102.    Google's actions of, inter alia, making, importing, using, offering for sale, and/or

selling such products and/or services constitute an objectively high likelihood of infringement of

the '621 patent, which was duly issued by the United States Patent and Trademark Office and is

presumed valid.  Since at least the filing of the original complaint, Google is aware that there is

33

an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '621 patent and that the '621 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '621 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '621 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '621 patent in disregard of Clouding's rights.

103.    As a result of Google's infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

104.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-103 above, as if fully set forth herein.

105.    Plaintiff Clouding is the owner by assignment of United States Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments."  The '908 patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2005.  A true and correct copy of the '908 patent is included as Exhibit I.

106.    Google makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Google Drive.

107.    On information and belief, Google has directly infringed and continues to infringe the '908 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '908 patent.  Such products and/or services include, by way of example and without limitation, Google Drive, the use of which is covered by one or more claims of the '908 patent, including but not limited to claim 48.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '908 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '908 patent pursuant to 35 U.S.C. § 271(a).

108.    Google has had actual knowledge of the '908 patent since at least the filing of the original complaint in this action.

109.    On information and belief, Google has and continues to indirectly infringe one or more claims of the '908 patent by inducing others (e.g., its customers and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

110.    On information and belief, Google has induced others and continues to induce others, including but not limited to Google's customers and end-users, to infringe the '908 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct 4infringement by others with knowledge of that infringement, such as, upon information and belief, by importing, making, offering for sale, and/or selling products and/or services that when used as intended infringe the '908 patent.  Such products and/or services include, by way of

example and without limitation Google Drive, including but not limited to claim 48.  Google's customers and end-users who use such products and/or services directly infringe the claims of the '908 patent.  Since at least the filing of the original complaint in this action, Google has had actual knowledge of the '908 patent and has known that the use of such products and/or services by its customers and end-users constituted direct infringement of the '908 patent. Despite Google's actual knowledge of the '908 patent and the knowledge that its customers and end-users infringed, Google continued to, and still continues to, actively encourage, assist, induce, aid, and abet its customers and end-users to directly infringe by using Google's cloud computing products and/or services that are covered by one or more claims of the '908 patent.

111.    In particular, Google's customers' and end-users' use of Google's cloud computing products and services is facilitated by the computing products and services that provide or support remote data access by a mobile device, such as Google Drive.  The use of such methods is patented under the '908 patent.

112.    On information and belief, in order to generate profits and revenues, Google markets and promotes, e.g., through its website and sales personnel, the use of its products and services that infringe the '908 patent when used as intended by Google's customers and end-users.  Google further sells (or licenses the use of) such products and services to customers and end-users.  Google's customers and end-users use such products and services (including, e.g., Google's software and hardware).  Google further instructs its customers and end-users how to use such products and services in a manner that infringes the '908 patent (e.g., through technical documentation, manuals, instructions, and technical support).  Google further instructs its customers and end-users to infringe the '908 patent through the products and services themselves, e.g., through on-screen instructions, intuitive user interfaces, and command prompts.

Google still further makes such products and services accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use such products and services, including supporting hardware and software systems, to infringe the '908 patent.

113.    On information and belief, even though Google has been aware of the '908 patent and that its customers and end-users infringe the '908 patent for over a year, to date Google has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products and services to avoid infringing the '908 patent, nor has Google informed its customers or end-users how to avoid infringing the '908 patent.  To date, Google has not identified, in response to Clouding's interrogatories, a single action that it has taken to avoid infringement (e.g., by designing around or notifying its customers or end-users how to avoid infringement) by itself or its customers or end-users since it became aware of the '908 patent. On information and belief, Google itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its customers and end-users, do not constitute direct or indirect infringement of the '908 patent.  To date, Google has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '908 patent in response to Clouding's requests for production of documents and things.

114.    As such, on information and belief, despite the information Google gleaned from the original complaint in this action, Google continues to specifically intend for and encourage its customers and end-users to use its products and/or services in a manner that infringe the claims of the '908 patent.  In addition, since at least the filing of the original complaint in this action, Google has deliberately avoided taking any actions (e.g., designing around, or providing

notice to its customers) to avoid confirming that its actions continue to specifically encourage its customers and end-users to use its products and/or service in a manner that infringe the claims of the '908 patent.

115.    Google's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products and/or services constitute an objectively high likelihood of infringement of the '908 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '908 patent and that the '908 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '908 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, and/or sell products and/or services patented under the '908 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '908 patent in disregard of Clouding's rights.

116.    As a result of Google's infringement of the '908 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT X**
**INFRINGEMENT OF U.S. PATENT NO. 6,631,449**

117.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-116 above, as if fully set forth herein.

118.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,631,449 ("the '449 patent") titled "Dynamic Distributed Data System and Method."  The '449 patent was duly and legally issued by the United States Patent and Trademark Office on October 7, 2003.  Clouding is the owner by assignment from Symantec Corporation of the '449 patent.  A true and correct copy of the '449 patent is included as Exhibit J.

119.     Google makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Google's cloud computing products and/or services, such as Google's High Replication Datastore (HRD), are provided by servers using server-to-server communication.

120.     On information and belief, Google has directly infringed and continues to infringe the '449 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '449 patent.  Such cloud computing products and/or services include, by way of example and without limitation, use of Google's High Replication Datastore (HRD), which is covered by one or more claims of the '449 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '449 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '449 patent pursuant to 35 U.S.C. § 271(a).

121.     Google has had actual knowledge of the '449 patent since at least the filing of the original complaint in this action.

39

122.    Google's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '449 patent constitute an objectively high likelihood of infringement of the '449 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '449 patent and that the '449 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services to avoid infringement the '449 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '449 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '449 patent in disregard of Clouding's rights.

123.    As a result of Google's infringement of the '449 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

**COUNT XI**
**INFRINGEMENT OF U.S. PATENT NO. 6,918,014**

124.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-123 above, as if fully set forth herein.

125.    Plaintiff Clouding is the owner by assignment of United States Patent No. 6,918,014 ("the '014 patent") titled "Dynamic Distributed Data System and Method."  The '014 patent was duly and legally issued by the United States Patent and Trademark Office on

July 12, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '014 patent.  A true and correct copy of the '014 patent is included as Exhibit K.

126.    Google makes, uses, sells, and offers for sale in the United States products and/or services for cloud computing.  On information and belief, at least some of Google's cloud computing products and/or services, such as Google's High Replication Datastore (HRD), are provided by servers using server-to-server communication.

127.    On information and belief, Google has directly infringed and continues to infringe the '014 patent by, among other things, making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent.  Such cloud computing products and/or services include, by way of example and without limitation, use of Google High Replication Datastore (HRD), which is covered by one or more claims of the '014 patent, including but not limited to claim 5.  By making, using, offering for sale, and/or selling cloud computing products and/or services patented under the '014 patent, Google has injured Clouding and is liable to Clouding for direct infringement of the '014 patent pursuant to 35 U.S.C. § 271(a).

128.    Google has had actual knowledge of the '014 patent since at least the filing of the original complaint in this action.

129.    Google's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '014 patent constitute an objectively high likelihood of infringement of the '014 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Google is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '014 patent

and that the '014 patent is valid.  Despite Google's knowledge of that risk, on information and belief, Google has not made any changes to the relevant operation of its products and/or services to avoid infringement the '014 patent.  Instead, Google has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '014 patent.  As such, Google willfully, wantonly and deliberately infringed and is infringing the '014 patent in disregard of Clouding's rights.

130.    As a result of Google's infringement of the '014 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Google's infringement, but in no event less than a reasonable royalty for the use made of the invention by Google, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '784 patent, the '637 patent, the '089 patent, the '799 patent, the '607 patent, the '891 patent, the '481 patent, the '621 patent, the '908 patent, the '449 patent and the '014 patent;

2.      A judgment that Google has induced infringement of the '784 patent, the '637 patent, the '089 patent, the '799 patent, the '891 patent, the '481 patent, '621 patent, and the '908 patent.

3.      A judgment that Google willfully infringed the '784 patent, the '637 patent, the '089 patent, the '799 patent, the '607 patent, the '891 patent, the '481 patent, the '621 patent, the '908 patent; the '449 patent, and the '014 patent.

4.      A judgment and order for treble damages pursuant to 35 U.S.C. § 284.

5.      A judgment and order requiring Google to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Google's infringement of the '784 patent, the '637 patent, the '089 patent, the '799 patent, the '607 patent, the '891 patent, the '481 patent, the '621 patent, the '908 patent, the '449 patent and the '014 patent.

6.      A judgment and order that this case is exceptional and requiring Google to pay Plaintiff Clouding reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

October 7, 2013

OF COUNSEL:

Marc A. Fenster
Brian Ledahl
Dorian S. Berger
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
bledahl@raklaw.com
dberger@raklaw.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Clouding IP, LLC*